IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA WEST | : | CIVIL ACTION |
| : | | |
| v. | : | |
| : | | |
| FORD MOTOR CREDIT COMPANY | : | NO. 12-5115 |
| and THIEBLOT RYAN P.A. | : | |
| : | | |

**MEMORANDUM**

Padova, J.                                                                                              February 11, 2013

Plaintiff Tamara West brings this action for violation of the Fair Debt Collection Practices Act and Pennsylvania law arising out of Defendants Ford Motor Credit Company's ("Ford") and Thieblot Ryan P.A.'s ("Thieblot") garnishment of Plaintiff's wages. Presently before the Court is the Defendants' Motion to Dismiss. For the reasons that follow, we grant the Motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint alleges the following facts. In 1999, Plaintiff secured a loan of $15,000 to finance the purchase of a vehicle from Ford. (Compl. ¶ 7.) In July 2001, Plaintiff defaulted on the loan. (Id. ¶ 8.) Ford subsequently repossessed Plaintiff's vehicle and retained Thieblot to assist with collection efforts. (Id.) On April 28, 2004, Ford filed a breach of contract action, based on Plaintiff's default, in the District Court of Maryland for Baltimore City. (Id. ¶ 9.) The District Court entered judgment in favor of Ford and against Plaintiff on June 14, 2006. (Id.; Def.'s Ex. 1 at 2, 5.)

In August 2009, Plaintiff was hired by U.S. Airways in Philadelphia. (Compl. ¶ 11.) Defendants became aware that Plaintiff was employed by U.S. Airways, and on December 9, 2009, Ford filed with the District Court of Maryland for Baltimore City a request for

garnishment of wages, based upon its breach of contract judgment against Plaintiff, for $21,924.40, consisting of $18,905.79 in principal, plus interest, costs, and $2,380.40 in attorney's fees. (Id. ¶¶ 12-13.) That same day, a writ of garnishment was issued on U.S. Airways. (Id. ¶ 14.) On January 6, 2010, U.S. Airways notified Plaintiff that it was obligated to begin deducting money from her paycheck pursuant to the writ of garnishment. (Id. ¶ 15.) U.S. Airways garnished a total of $5,031.44 from Plaintiff's wages from January 2010 through September 2011. (Id. ¶ 16.)

On August 30, 2011, Thieblot was notified that Ford's judgment against Plaintiff was unenforceable in Pennsylvania. (Id. ¶ 18.) Likewise, on September 9, 2011, U.S. Airways was notified that the garnishment of Plaintiff's wages was improper and illegal under Pennsylvania law, and on September 15, 2011, U.S. Airways ceased garnishing Plaintiff's wages. (Id. ¶ 19.) Thieblot provided a verification of its breach of contract judgment to U.S. Airways on September 27, 2011, which revealed the amount of attorney's fees at that time to be outstanding in the amount of $2,380.40. (Id. ¶ 20.) On November 14, 2011, Ford and Thieblot filed a motion to cite U.S. Airways for contempt in the District Court of Maryland for Baltimore City for its refusal to continue garnishing Plaintiffs' wages, and on August 14, 2012, the District Court denied the motion. (Id. ¶¶ 21-22.) Plaintiff filed the instant Complaint on September 7, 2012, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Count One) and Pennsylvania law prohibiting the garnishment of personal earnings, 42 Pa. Cons. Stat. §§ 8127 and 8128 (Count Two). Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright

& Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III. DISCUSSION

### A. Violation of Pennsylvania Law (Count Two)

The Complaint alleges that Defendants violated 42 Pa. Cons. Stat. §§ 8127 and 8128 by "pursuing a garnishment of Plaintiff's wages earned in Pennsylvania based solely on a judgment from the District Court of Maryland for Baltimore City." (Compl. ¶ 28.) Under Pennsylvania law, garnishment of an individual's wages is prohibited unless the garnishment is made for the limited purposes of satisfying an action: (1) relating to divorce; (2) for support; (3) for board for four weeks or less; (4) under the Pennsylvania Higher Education Assistance Agency Act; or (5) for "restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding." 42 Pa. Cons. Stat. § 8127(a). However, under Maryland law, garnishment of a debtor's wages is broadly permitted. See Md. Code Ann., Com. Law. § 15-602(a) (stating that "an attachment . . . against the wages of a judgment debtor . . . shall constitute a lien on all attachable wages that are payable at the time the attachment is served or which become payable until the judgment, interest, and costs, as specified in the attachment, are satisfied"); id. § 15-601.1 (limiting the percentage of wages that can be garnished, but not the purpose for which wages are garnished).

Plaintiff does not argue that the Maryland judgment against her was invalid when it was entered by the District Court of Maryland for Baltimore City, or that garnishment of her wages to satisfy that judgment would be illegal in Maryland. Rather, Plaintiff asserts that Defendants' enforcement of that judgment by pursuing a garnishment of wages that she earned in Pennsylvania, where the law generally prohibits garnishment of Pennsylvania citizens' wages,

4

was unlawful.[1] Defendants argue that they did not violate 42 Pa. Cons. Stat. § 8127(a) by garnishing the wages that Plaintiff earned in Pennsylvania, because they obtained their judgment against Plaintiff in Maryland and executed the writ of garnishment in Maryland, which is thus the "forum state" for determining whether garnishment in these circumstances is permitted.

"It is well established in Pennsylvania that the laws pertaining to procedures and exemptions in attachment and garnishment are governed by the law of the forum state." Hughes v. Prudential Lines, Inc., 624 A.2d 1063, 1065 (Pa. Super. Ct. 1993) (citing Caddie Homes, Inc. v. Falic, 235 A.2d 437, 439 (Pa. Super. Ct. 1967)); see Ankrom v. Ankrom, 531 A.2d 509, 512 n.4 (Pa. Super. Ct. 1987) (citation omitted). Pennsylvania courts "will not exempt from attachment wages earned by and due a citizen of Pennsylvania, even though all the work was performed in Pennsylvania, where the attachments are valid under the law of [a] sister state." Massachusetts Mut. Life Ins. Co. v. Central-Penn Nat'l Bank of Phila., 300 F. Supp. 1217, 1219-20 (E.D. Pa. 1969) (determining that attachments of the debtor's wages in Massachusetts, which were valid under Massachusetts law, were enforceable in Pennsylvania) (citing Caddie Homes, 235 A.2d at 439). Pennsylvania law thus recognizes that "where a judgment is entered in a foreign jurisdiction and a wage garnishment is issued there against a Pennsylvania corporation at its foreign office, a Pennsylvania court will not enforce the Pennsylvania exemption law to prevent compliance with such garnishment." Standard Pa. Practice 2d at § 74:27.[2]

---

[1] Defendants do not argue that their Maryland judgment falls into one of the enumerated exceptions in 42 Pa. Cons. Stat. § 8127(a).

[2] The Attorney General of Pennsylvania has issued an opinion advising that a Pennsylvania citizen "may not challenge" the attachment of her wages "when the citizen has entered into an obligation with a creditor in a jurisdiction wherein the wages may be legally, and are, in fact, attached." Att'y Gen. Op. 75-32 at 101. "Such recognition and enforcement of

Consequently, "[w]hile Pennsylvania law does not expressly permit wage garnishments to satisfy a judgment, Pennsylvania courts have recognized attachment procedures in foreign jurisdictions where the execution has been lawfully effected in that state." Schuback v. Law Offices of Phillip S. Van Embden, P.C., Civ. A. No. 12-320, 2013 WL 432641, at *6 (M.D. Pa. Feb. 1, 2013) (footnote and citations omitted). Moreover, it has been the law in Pennsylvania for more than 140 years that a Pennsylvania resident's wages may be garnished pursuant to a judgment that was entered against the Pennsylvania resident in another state, where the writ of garnishment was issued and executed in the state that entered the judgment against the debtor. See Bolton v. Pennsylvania Co., 88 Pa. 261, 261-63 (1878) (holding that "wages of labor earned and due to a citizen of [Pennsylvania] may be attached for a debt in another state where no law exists prohibiting the attachment of wages of labor") (cited with approval in Caddie Homes, 235 A.2d at 439); Massachusetts Mut., 300 F. Supp. at 1219-20; Jones v. United States Steel Corp., 4 Pa. D. & C. 3d 552, 555-56 (Bucks Cnty Ct. Common Pleas, 1977) (holding that "a judgment rendered by a court of competent jurisdiction of a sister State against a Pennsylvania resident may be satisfied by execution against wages of that judgment debtor in the hands of a Pennsylvania employer where such execution would be lawful under the laws of the State rendering the said judgment and where the execution is effected in that State").[3]

---

another state's garnishment statutes does not violate the intent or the provisions of the Pennsylvania statutes." Id.

[3]Plaintiff's argument that these cases are "of limited applicability" because they were decided prior to the enactment of the current version of the Pennsylvania garnishment statute is unpersuasive. (Pl.'s Mem. at 4.) These cases explain when Pennsylvania will apply its own garnishment statute rather than the garnishment law of a state which has issued a judgment against a Pennsylvania debtor. The mere fact that a different version of Pennsylvania's garnishment statute was in effect when these cases were decided is therefore immaterial.

The Complaint alleges that Defendants knew that Plaintiff resided and worked in Pennsylvania at the time that they filed a request for garnishment of wages with the Maryland court. (Compl. ¶¶ 10, 13.) The Complaint also alleges that a writ of garnishment was issued upon Plaintiff's employer, U.S. Airways, on December 9, 2009, and from January 2010 through September 2011, a total of $5,031.44 was garnished from Plaintiff's wages. (Id. ¶¶ 14-16.) The writ of garnishment was issued to U.S. Airways at its office in Baltimore, Maryland. (Def.'s Ex. 2.)[4] As we discussed supra, under Pennsylvania law a creditor may enforce another state's judgment by garnishing a Pennsylvania resident's wages, earned in Pennsylvania, if the writ of garnishment was issued and executed in the state that entered the judgment. See, e.g., Schuback, 2013 WL 432641, at *6. The Complaint alleges that the judgment against Plaintiff was entered by a Maryland court, that the writ of garnishment was issued in Maryland, and that Plaintiff's wages were attached in Maryland. Therefore, we conclude that the Complaint does not allege sufficient facts to show that Defendants' Maryland judgment is unenforceable by means of garnishing the wages that Plaintiff earned in Pennsylvania, and accordingly, the Complaint fails to state a plausible claim that Defendants violated 42 Pa. Cons. Stat. § 8127(a) by pursuing the garnishment of the wages that Plaintiff earned in Pennsylvania.

The Complaint also alleges that Defendants violated 42 Pa. Cons. Stat. § 8128(a) by evading the effect of Pennsylvania's prohibition on the garnishment of wages by executing the writ of garnishment in Maryland. Section 8128(a) prohibits a creditor from "**commenc[ing] an action** on or . . . transfer[ring] any claim against a resident of this Commonwealth **for the**

---

[4] We may consider the contents of the "Request for Garnishment of Wages," attached as Exhibit 2 to Defendants' Motion, because it is a document "*integral to*" and "*explicitly relied* upon" in the Complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted).

7

**purpose of** having such claim collected by proceedings in a forum" which does not exempt an employee's wages from garnishment. 42 Pa. Cons. Stat. § 8128(a) (emphases added). The Complaint alleges that Defendants filed their breach of contract action against Plaintiff on April 28, 2004. (Compl. ¶ 9.) As of April 2008, Defendants knew that Plaintiff resided and worked in Pennsylvania. (Id. ¶ 10.) On December 9, 2009, Ford filed with the District Court of Maryland for Baltimore City a request for garnishment of wages. (Id. ¶ 13.) These facts, if true, would establish that Defendants commenced their breach of contract action against Plaintiff in Maryland in 2004, at least four years before they knew that Plaintiff resided in Pennsylvania. Therefore, the Complaint does not allege sufficient facts to show that Defendants commenced that action against Plaintiff "for the purpose of depriving [Plaintiff] of the right to have [her wages] exempt" under Pennsylvania law. 42 Pa. Cons. Stat. § 8128(a).

For all of these reasons, we conclude that the Complaint does not allege sufficient facts to state a plausible claim for violation of Pennsylvania law under 42 Pa. Cons. Stat. §§ 8127(a) or 8128(a), and accordingly, we grant Defendants' Motion as to Count One. Count One of the Complaint is, accordingly, dismissed as to both Defendants.

    B.    <u>Violation of the Fair Debt Collection Practices Act (Count One)</u>

The Complaint alleges that both Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA") by falsely representing to Plaintiffs' employer that they had the right to garnish the wages that Plaintiff earned in Pennsylvania, by failing to transfer Ford's Maryland judgment to Pennsylvania, and by collecting excessive attorney's fees. (Compl. ¶ 26.) Plaintiff has withdrawn her FDCPA claim against Ford because Ford is not a

"debt collector" subject to the provisions of the FDCPA. (Pl.'s Mem. at 6.) Accordingly, we grant the Motion as to Plaintiff's FDCPA claim against Ford.

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Debt collectors are also prohibited from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Id. § 1692d. Defendants argue that Count Two should be dismissed as against Thieblot because it did not violate the FDCPA. Since we have found that Ford had the right to garnish Plaintiff's wages, Thieblot's communications of that fact to Plaintiff's employer was not a "false, deceptive, or misleading" representation under the FDCPA. Id. § 1692e.

Plaintiff's FDCPA claim also asserts that Thieblot committed a deceptive act by attempting to evade Pennsylvania law by executing the writ of garnishment against Plaintiff's employer in Maryland, rather than transferring the judgment against Plaintiff to Pennsylvania, pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa. Cons. Stat. § 4306, et seq. ("UEFJA"). The UEFJA permits a party seeking enforcement of a foreign judgment in Pennsylvania to file a copy of the judgment in any court of common pleas in Pennsylvania. 42 Pa. Cons. Stat. § 4306(b). Once filed, the foreign judgment has "the same effect . . . as a judgment of any court of common pleas" and "may be enforced or satisfied in like manner." Id.

Garnishment is "a judicial proceeding in which a creditor . . . asks the Court to order a third party who is indebted to . . . the debtor to turn over to the creditor any of the debtor's property (such as wages or bank accounts) held by that third party." Black's Law Dictionary at 689 (7th ed. 1999). "Garnishment connotes a triangular relationship among a debtor, creditor,

and third party, in which the creditor levies on some asset owed to the debtor by a third party." Coar v. Kazimir, 990 F.2d 1413, 1421 (3d Cir. 1993) (listing cases). Naturally, the creditor may levy on that asset anywhere there is jurisdiction over the third party and its assets, in this case, Maryland.

Ford executed its writ of garnishment against an asset held by U.S. Airways in Maryland, it did not execute or enforce its judgment in Pennsylvania, and, therefore, it was not required to transfer its judgment against Plaintiff to Pennsylvania under the UEFJA. See Fidelity Bank v. Commonwealth Marine and Gen. Assurance Co., Ltd., 581 F. Supp. 999, 1011 (E.D. Pa. 1984) (recognizing that the filing of a foreign judgment pursuant to the UEFJA is a "prerequisite to execution of the judgment in Pennsylvania" (emphasis added)). Plaintiff cites no authority to the contrary.[5] Therefore, we conclude that Thieblot did not employ a "false, deceptive, or misleading . . . means in connection with the collection of" its debt against Plaintiff under the FDCPA by failing to transfer its judgment against Plaintiff to Pennsylvania. 15 U.S.C. § 1692e.

Plaintiff also argues that Thieblot violated the FDCPA by seeking to collect $2,380.40 in attorney's fees from Plaintiff. The Complaint alleges that Defendants "incoporat[ed] excessive fees in [the] writ of garnishment." (Compl. ¶ 26.) The Complaint alleges that the writ of garnishment included attorney's fees in the amount of $2,380.40. (Id. ¶ 13.) The Complaint also alleges that on September 27, 2011, Defendants presented U.S. Airways with a verification of its Maryland judgment, which revealed that attorney's fees were then outstanding in the amount of $2,380.40. (Id. ¶ 20.) However, the Complaint does not allege that Ford was not entitled to

---

[5]The cases that Plaintiff cites in her Memorandum do not stand for the proposition that a foreign judgment must be transferred to Pennsylvania before a creditor may garnish assets held by a third party that is located in another state.

collect attorney's fees in connection with its judgment against Plaintiff. The Complaint also fails to allege how any of the fees in the writ of garnishment were "excessive," including the amount of attorney's fees, or how Thieblot's verification to U.S. Airways, which stated that $2,380.40 in attorney's fees was owed, was in any way an inaccurate representation of the amount of attorney's fees then due. Moreover, the Complaint does not sufficiently allege how any of Defendants' representations that this amount of attorney's fees was due was "false" or "deceptive" under the FDCPA. Therefore, we conclude that the Complaint does not allege sufficient facts to show that Thieblot made a "false, deceptive, or misleading representation" under the FDCPA representing that $2,380.40 in attorney's fees was owed on Plaintiff's judgment. 15 U.S.C. § 1692e.

For all of these reasons, we conclude that the Complaint does not allege sufficient facts to state a plausible claim that Thieblot violated the FDCPA, and, accordingly, we grant Defendants' Motion as to Plaintiff's FDCPA claim against Thieblot.

## IV. CONCLUSION

For the reasons stated above, we grant Defendants' Motion to Dismiss the Complaint. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.